UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHON BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:17-cv-348-RDM-GMH |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**FEDERAL DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DIMISS AND FOR SUMMARY JUDGMENT**

Federal Defendant Bureau of Prisons ("BOP" or "Defendant") respectfully files this reply to Plaintiff Stephon Brown's opposition to BOP's motion to dismiss and for summary judgment. (ECF No. 22). In his opposition, Brown maintains his demand for compensatory education services from BOP. In addition, despite Brown's efforts to create one, the fact remains that no statute imposes an obligation on BOP to provide a free appropriate public education ("FAPE"), and Brown therefore has not—and cannot—state a claim that BOP unlawfully failed to provide a FAPE.

1. ***Brown's Claims Against BOP are Either Moot or Limited***

Brown argues that his claim for "compensatory education" is not moot. (ECF No. 22 at 13). In support, Brown cites to a number of cases holding that claims for compensatory education can survive even when the student has moved out of the district or has otherwise become ineligible for IDEA services. But *all* of these cases were brought against state and local education agencies that were responsible for, and capable of, providing education services to the public. *See e.g., D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d 488, 496-99 (3d Cir.

1

2012) (compensatory education claim brought against school district); *L.R.L. ex rel. Lomax v. District of Columbia*, 896 F. Supp. 2d 69 (D.D.C. 2012) (claim brought against local educational agency ("LEA")); *S.S. v. Howard Road Acad.*, 562 F. Supp. 2d 126, 130 (D.D.C. 2008) (charter school acting as its own local educational agency); *Neshaminy Sch. Dist. v. Karla B*, No. CIV. A. 96-3865, 1997 WL 137197, at *6 (E.D. Pa. Mar. 20, 1997) (school district). This makes sense because the IDEA *only* applies to "States" and "local educational agencies." 20 U.S.C. §§ 1412(a), 1413(a). Of course, BOP is not a State or local educational agency. And, strangely, Brown does not explain how BOP could now — after his release from incarceration — provide compensatory education services to him. Indeed, BOP cannot. Simply put, because Brown's release made it impossible for the Court to grant compensatory education from BOP, this claim is now moot. *See Kingdomware Technologies, Inc. v. United States*, 136 S. Ct. 1969, 1975 (2016).[1]

In addition, by failing to address how this Court has jurisdiction in this case for *monetary* damages, Brown's opposition effectively abandons his claim for compensatory damages against BOP. (*See* ECF No. 22 at 13-14; *see also* Amended Compl., ECF No. 13, at 14 (requesting that the Court "[a]ward compensatory damages")). Therefore, the only relief Brown continues to seek is: (1) declaratory relief that BOP violated the IDEA and Section 504 (*see* Amended Compl. at 14); (2) reversal of the Hearing Officer's decision (*id.* at 15); and (3) "reasonable attorneys' fees and costs" (*id.*). In light of BOP's incapability of providing compensatory education to a non-prisoner, the declaratory relief sought by Brown would have no effect here and, therefore, is

---

[1] Brown's claim for attorney's fees can be cast aside as this stage, as Brown does not — and cannot — claim to be a prevailing party in any sense in this litigation or with respect to the hearing officer's decision.

also moot. *See Kingdomware Technologies, Inc.*, 136 S. Ct. at 1976; *see also Swish Marketing, Inc. v. FTC*, 669 F. Supp. 2d 72, 77 (D.D.C. 2009) (noting that a District Court may deny declaratory relief if the judgment sought would not settle the controversy between the parties) (internal citations omitted). Next, Brown's claim for attorneys' fees and costs can be dismissed out of hand, as Brown does not — and cannot — claim to be a prevailing party in this litigation. *See* 20 U.S.C. § 1415(i)(3)(B)(i) (limiting attorneys' fees to a "prevailing party"). Consequently, Brown's claim is reduced to seeking judicial review of the Hearing Officer's decision pursuant to 20 U.S.C. § 1415(i)(2). As discussed in BOP's motion, because the Hearing Officer lacked jurisdiction over BOP and the IDEA does not require BOP to provide a FAPE, BOP is entitled to summary judgment on this claim. (*See* ECF No. 16 at 9-13)

   2. ***Brown's Action is Not Pursuant to the Administrative Procedure Act***

Despite failing to cite the Administrative Procedure Act ("APA) anywhere in his amended complaint, Brown now relies on the APA for the requisite waiver of sovereign immunity in this litigation. Although it is true that the APA's waiver of sovereign immunity "applies to any suit whether under the APA or not," *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996), importantly, Brown does not claim to bring this action *pursuant to* the APA. *See Z Street, Inc. v. Koskinen*, 44 F. Supp. 3d 48, 64 (D.D.C. 2014) (noting the difference between cases brought pursuant to the APA and cases brought under other statutes that benefit from the APA's sovereign immunity waiver). Consequently, Brown does not challenge any "final agency action" by BOP. *See* 5 U.S.C. § 704; *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006). Rather, Brown must maintain his claims directly under the IDEA and Rehabilitation Act.

### 3. *Rehabilitation Act Section 504 Claim*

####   a. *Failure to State a Section 504 Claim*

Brown's Amended Complaint fails to state a claim under Section 504 of the Rehabilitation Act, which prohibits discrimination under any federal program "solely by reason of [an individual's] disability." 29 U.S.C. § 794(a). Here, Brown's Amended Complaint simply fails to allege that BOP engaged in any conduct that the statute prohibits — namely, that any action taken by BOP was taken solely due to his learning disability. Brown provides no meaningful response to BOP's argument, and instead merely refers the Court, in a footnote, to his opposition to the District of Columbia's motion to dismiss. (ECF No. 22 at 28 n.10) (referencing ECF No. 19 at 17-18 which, in turn, references Brown's Amended Complaint at ¶ 50). However, this in no way support's Brown's claim since the arguments he references were specifically directed at the District of Columbia and *not* BOP. Brown cannot resuscitate his complaint against BOP by referring to claims and arguments directed towards another litigant, the District of Columbia. In light of this general pleading failure, Brown's additional failure to specifically plead "bad faith or gross misjudgment" as to BOP is of no moment. Simply put, because Brown's amended complaint does not contain a single allegation that BOP discriminated against Brown on the sole basis of his disability (much less acted in bad faith or gross misjudgment), Brown's Section 504 claim should be dismissed.

####   b. *No Private Right of Action*

Next, Brown maintains that he may bring this lawsuit against BOP directly under Section 504 of the Rehabilitation Act. However, Section 504 does not provide a private right of action against the federal government. "Private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). "[T]he fact that a federal

statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979).  Instead, the "central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979); *accord Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110, 117 (2011); *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1102–03 (1991).

Although the Rehabilitation Act authorizes judicial remedies against *nonfederal defendants* for violations of Section 504, *see Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002), it "treat[s] federal Executive agencies differently from other defendants for purposes of remedies," *Lane v. Pena*, 518 U.S. 187, 197 (1996).  Specifically, Section 504(a) directs the head of each Executive agency to promulgate regulations "necessary to carry out" the prohibition on disability discrimination in the programs they conduct.  *See* 29 U.S.C. § 794(a).[2]  Indeed, the text and structure of the Rehabilitation Act make clear that there is no right of action under Section 504 against federal agencies for disability discrimination in federally-run programs, as many courts have held.  *See e.g., Kinneary v. City of New York*, 358 F. Supp. 2d 356, 359-60 (S.D.N.Y. 2005); *Cousins v. Sec'y of the U.S. Dep't of Transp.*, 880 F.2d 603, 605–06 (1st Cir. 1989) (en banc) (Breyer, J.); *Clark v. Skinner*, 937 F.2d 123, 125–26 (4th Cir. 1991); *Maynard v. United States*, No. 06-2331, 2008 WL 4453199, at *1 n.3 (M.D. Pa. Sept. 30, 2008); *Krumel v. City of Fremont*, No. 01-259, 2002 WL 808633, at *2-5 (D. Neb. Jan. 2, 2002); *Crayton v. Shalala*, No. 94-1689, 1995 WL 605599, at *3-4 (N.D. Ala. May 3, 1995).

---

[2] BOP's brief in support of its motion only cited cases involving employees and not private individuals.  (*See* ECF No. 16 at 21).  While the D.C. Circuit has expressly required employees to exhaust administrative remedies prior to bringing an action under Section 504, *see Spinelli v. Gross*, 446 F.3d 159, 162 (D.C. Cir. 2006), it has yet to reach the exhaustion question with respect to private individuals.

Nor is there an implied cause of action against federal agencies conducting programs under Section 504. There must be clear evidence of congressional intent to find an implied cause of action. *See Johnson v. Interstate Management Company, LLC*, 849 F.3d 1093, 1097 (D.C. Cir. 2017) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). And where Congress has expressly designated "an integrated system of procedures for enforcement"—like those in the Rehabilitation Act—the judiciary "may not, in the face of such comprehensive legislative schemes, fashion new remedies that might upset carefully considered legislative programs." *Northwest Airlines v. Transp. Workers Union*, 451 U.S. 77, 97 (1981); *see also Alexander*, 532 U.S. at 290 (2001).

The availability of APA review reinforces the conclusion that direct review under Section 504 is unavailable. But, as many Courts have held, a plaintiff must exhaust his or her administrative remedies before seeking judicial review of an alleged Section 504 violation in a federal program. *See, e.g., Arkansas Adapt v. Johnson*, No. 97-2564, 1998 WL 279356, at *2 (8th Cir. June 2, 1998) (rejecting plaintiff's argument that exhaustion is not required for Section 504 claim); *Krumel v. City of Fremont*, No. 8:01CV259, 2002 WL 808633, at *4 (D. Neb. Jan. 2, 2002) (concluding that there was no cause of action under Section 504 where an administrative remedy was available and there was "no reason to believe that it would be ineffective[,]" and judicial review of the administrative decision would be available under the APA). The Department of Justice's ("DOJ") Section 504 implementing regulations set forth a complaint procedure to be used by individuals who believe they have encountered discrimination on the basis of disability. *See* 28 C.F.R. § 39.101, *et seq*. These regulations provide procedures for filing an administrative complaint and the subsequent investigation and, if required, appropriate action to address discriminatory conduct. *See id.* § 39.170 (noting in subsection (d)(ii) that

inmates of federal institutions must first exhaust BOP's Administrative Remedy Procedure in 28 C.F.R. Part 542 before filing a complaint).

Here, Brown cites to no authority that provides him with a private cause of action under Section 504. Thus, the only way Brown could possibly maintain his claim against BOP is under the APA. But it is clear that Brown does not seek APA review because (1) his amended complaint is devoid of any mention of the APA and (2) his opposition brief references the APA only for its sovereign immunity waiver. (*See* ECF No. 22 at 14-16). Nor would Brown even be able to seek APA review because he has not exhausted his administrative remedies pursuant to 28 C.F.R. §§ 39.101, 39.170. *See* Declaration of Mina Raskin (attached hereto) at ¶ 4. And Brown's misguided attempt to circumvent this administrative process by naming BOP as a party in his Administrative Due Process complaint before the Hearing Officer is of no consequence. With no jurisdiction over BOP in the first instance, the hearing officer could not have, as Brown claims, created an administrative record nor provide Brown with any remedy with respect to BOP. (*See* ECF No. 22 at 29).

In addition, any "futility" with respect to the Hearing Officer's administrative process was of Brown's own making in light of the Hearing Officer's undisputable lack of jurisdiction over BOP. To be sure, Brown cannot now claim that exhaustion of the Section 504 administrative process would have been "futile" by citing only cases where the IDEA claim was properly brought against a State or local education agency that was subject to a Hearing Officer's jurisdiction. *Id.* at 29-30 (citing, among other cases, *S.S. ex rel. Street v. District of Columbia*, 71 F. Supp. 3d 1, 6 (D.D.C. 2014)). Because the Hearing Officer in this case lacked jurisdiction over BOP in the first instance, Brown's claim that this process afforded BOP a "full opportunity" to explore Brown's issues and create a record is without merit. (ECF No. 22 at 30).

### 4. Brown's IDEA and Revitalization Act Claims

As BOP's motion makes clear, the IDEA imposes a FAPE obligation only on "States" and "local educational agencies," and not on BOP. *See* 20 U.S.C. §§ 1412(a), 1413(a)(1). Moreover, the Revitalization Act simply transferred D.C. Code offenders from the now closed Lorton Correctional Complex to BOP facilities where BOP would be "responsible for [their] custody, care, subsistence, education, treatment and training." D.C. Code § 24-101(b). Brown asks this Court to reject BOP's plain reading of the IDEA and Revitalization Act. But despite devoting nearly 11 pages of argument to his tortured statutory construction, Brown makes scant reference to the operative portions of the IDEA or Revitalization Act.[3] None of these provisions support Brown's claims the IDEA and Revitalization Act specifically require BOP to provide a FAPE.

Brown emphasizes BOP's responsibility under the Revitalization Act to provide "education" for inmates. (ECF No. 22 at 22). BOP does not dispute this obligation, which it fulfills for all of its prison population pursuant to 18 U.S.C. § 3624(b). BOP's education responsibilities, however, do not include the provision of a FAPE. In addition, Brown highlights a provision in the IDEA that Brown alleges permits students to retain their rights under the IDEA even when they are incarcerated in *federal* facilities. (ECF No. 22 at 19 (citing 20 U.S.C. § 1415(m)(1)(D)) (emphasis in original)). But Brown's arguments are in error because that section provides that "[a] State that receives amounts from a grant under this subchapter *may* provide that, when a child with a disability reaches the age of majority under State law . . . all rights accorded to parents under this subchapter transfer to children who are incarcerated in an adult or

---

[3] On the other hand, Brown offers numerous specific citations to the IDEA's "Findings" and "Purposes" section. (ECF No. 22 at 26-27). These sections provide no support for Brown's contention that BOP is required to provide a FAPE.

juvenile Federal, State, or local correctional institution." 20 U.S.C. § 1415(m)(1)(D) (emphasis added). Brown otherwise offers no statutory support to show that the District of Columbia has expressly transferred IDEA rights to individuals like himself who are (or were) incarcerated in federal institutions. Indeed, as the statute makes clear, IDEA rights attach only to the obligations of States and local education agencies. *See*, *e.g.*, 20 U.S.C. § 1415(b)(1) (requiring any "State educational agency, State agency, or local educational agency that receives assistance under this subchapter" to establish procedures that afford "[a]n opportunity for the parents of a child with a disability to examine all records relating to such child"). Because the IDEA gives parents rights against only States and local education agencies, and not against BOP, a transfer of those parental rights would not implicate BOP. Accordingly, the IDEA does not impose an obligation on BOP to provide a FAPE to Brown.

Dated: June 16, 2017                Respectfully submitted,

CHANNING D. PHILLIPS, DC Bar # 415793
United States Attorney

DANIEL F. VAN HORN, DC Bar # 924092
Chief, Civil Division

*/s/      Christopher Hair*
CHRISTOPHER C. HAIR
PA Bar #: 306656
Special Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2530
Fax: (202) 252-2599
christopher.hair@usdoj.gov